1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    KOHEN DIALLO UHURU,                        No.  2:20-cv-1613 DB P

11                      Plaintiff,

12           v.                                  ORDER

13    DR. YASHODARA RAO, et al.,

14                      Defendants.

15

16          Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

17    appointment of counsel on the grounds that he is indigent, the issues in this case are complex, he

18    is elderly, and he has various medical and mental health issues that affect his ability to properly

19    prosecute this action.

20          The United States Supreme Court has ruled that district courts lack authority to require

21    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

22    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

23    voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

24    1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25          The test for exceptional circumstances requires the court to evaluate the plaintiff's

26    likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

27    light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

28    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

1

1   common to most prisoners, such as lack of legal education and limited law library access, do not

2   establish exceptional circumstances that would warrant a request for voluntary assistance of

3   counsel.  In the present case, the Court does not find the required exceptional circumstances. In

4   addition, plaintiff provides no evidence of his medical or mental health issues that would affect

5   his ability to prosecute this action.

6          Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

7   counsel (ECF No. 11) is denied.

8   Dated:  March 15, 2021

9

10

11   _____
     DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

12   /DLB7;
     DB/Inbox/Routine/uhur1613.31

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2