UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>Plaintiff,<br><br>v.<br><br>DR. YASHODARA RAO, et al.,<br><br>Defendants. | No. 2:20-cv-1613 DB P<br><br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening. Plaintiff was previously granted leave to proceed in forma pauperis in this case. For the reasons set forth below, it is recommended that plaintiff's in forma pauperis status be revoked and he be ordered to pay the $402 filing fee in order to proceed with this action.

**I.  In Forma Pauperis Statute**

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that person is unable to pay such fees. It provides:

> *In no event* shall a prisoner bring a civil action . . . [in forma paupers] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

1

>     be granted, unless the prisoner is under imminent danger of serious
>     physical injury.

28 U.S.C. § 1915(g) (emphasis added).

Application of section 1915(g) is not discretionary, but rather, mandatory. See Id.; Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999). If a prisoner has "three strikes" under § 1915(g), he is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). In order to meet the exception, the complaint of a "three-strikes" prisoner must plausibly allege the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## II.     Has Plaintiff Accrued Three Strikes?

Review of prior actions filed by plaintiff reveals that he is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. Courts have previously found plaintiff has accrued at least three strikes. See Uhuru v. Eldridge, No. 2:19-cv-1119 KJN P, 2020 WL 3100257 (E.D. Cal. June 11, 2020); Uhuru v. Paramo, No. 3:17-cv-0960 GPC BGS, 2017 WL 2312224 (S.D. Cal. May 26, 2017). The court takes judicial notice of those cases and plaintiff's prior filings described therein. See MCIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records and the records of other courts).

Plaintiff's three prior strikes include: (1) Diallo v. Yarborough, No. 2:03-cv-5401 JVS VBK (C.D. Cal. Feb. 5, 2004) (granting defendants' motion to dismiss and stating, "[t]he allegations in the Complaint [were] insufficient to state a claim against each individual defendant . . ."); (2) Diallo v. Moskowitz, No. 2:07-cv-7109 JVS VBK (C.D. Cal. June 1, 2009) (granting defendants' motion to dismiss and dismissing the complaint with prejudice); (3) Diallo v. Greenman, No. 2:07-cv-2937 JVS VBK (C.D. Cal. Sept. 21, 2009) (dismissing the amended complaint with prejudice upon finding the allegations insufficient to state a federal civil rights claim). The strikes described all occurred prior to plaintiff's initiation of the present action.

### III. Does Plaintiff Meet the Imminent Danger Exception?

Because plaintiff has accrued three strikes, plaintiff is precluded from continuing to proceed in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions faced at the time the complaint was filed, not some earlier or later time. See Andrews, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and a threat is "real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff has not alleged any facts to show he was under imminent danger of serious physical injury at the time he filed this action on August 12, 2020. Rather, he stated only in vague conclusory terms in his original complaint filed on that date that he was "under imminent danger of injury with unusual and exceptional circumstances." (ECF No. 1 at 1.) In his first amended complaint, plaintiff clarifies this action mainly addresses defendants' interference with his right to practice his religion as a Nubian Hebrew Israelite. In particular, plaintiff alleges defendants have denied him a single cell, which interferes with his right to worship in his cell. (ECF No. 12 at 7, 21-22.) He further alleges Nubian Hebrew Israelites are denied the ability to fast during holy fast days, while inmates of other religions are supported in their religious fasting. (Id. at 6.) He seeks an array of injunctive relief relating to the rights, privileges, and services afforded to Nubian Hebrew Israelites at California Health Care Facility. (Id. at 12, 22.)

Plaintiff additionally alleges his legal mail has been opened outside of his presence. (ECF No. 12 at 7.) He alleges he is an individual with a disability and mental health needs and that he

has been excluded from getting fresh air and outdoor exercise. (Id. at 8.) He concludes defendants have been deliberately indifferent to his medical needs but does not set forth any specific factual allegations to support such a conclusion.

In sum, plaintiff has not provided any specific allegations indicating how he was in imminent danger at the time of filing. For example, plaintiff's conclusory allegations that he was deprived of outdoor exercise never specify for how long he was denied outdoor exercise. He mentions a fall down stairs that occurred in 2019 when he was assigned to upper tier housing (ECF No. 12 at 20) but does not explain how that event relates to an imminent danger of serious physical injury at the time he filed this action on August 12, 2020.

In addition, plaintiff's allegations in this case are similar to allegations he made in another case not mentioned above but also filed in this court shortly before this one. See Uhuru v. Velaszquez, No. 2:20-cv-1267 JAM DB P. In that similar, previously filed case, plaintiff also alleged a lack of fresh air and outdoor exercise, together with his claims he was denied his right to freely exercise his religion. Although plaintiff named different defendants in the two cases, they otherwise share many similar conclusory allegations. In that case, as in this one, plaintiff fails to set forth specific factual allegations to show he was under a threat of imminent danger of serious physical injury. Accordingly, plaintiff does not meet the imminent danger exception described in section 1915(g) and can only proceed with this action if he pays the filing fee.

**IV.     Motion to Compel**

Plaintiff has filed a motion to compel asking the court to order defendants to respond to discovery requests, including interrogatories. (ECF No. 6.) This motion, as well as the propounding of any discovery, is premature in that plaintiff has not stated a valid claim for relief and there are no served defendants.

For the foregoing reasons, IT IS ORDERED:

1. The clerk's office shall assign a district judge to this case; and
2. Plaintiff's motion to compel (ECF No. 6) is denied.

////

////

4

In addition, IT IS RECOMMENDED:

1. Plaintiff's in forma pauperis status (ECF No. 7) be revoked because he has accrued more than three strikes under 28 U.S.C. § 1915(g) prior to filing this action;
2. The order directing the CDCR to collect the filing fee (ECF No. 8) be vacated;
3. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations in order to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the district court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2021

DLB7
uhur1613.1915(g)

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE